## Meek v. Commonwealth.

(Decided May 12, 1933.)

W. G. WELLS for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

Bird Meek was indicted in the Johnson circuit court for the murder of Lee Castle. On the trial of the case he was found guilty by the jury of voluntary manslaughter and his punishment was fixed at twelve years' imprisonment. He appeals.

No complaint is made on the appeal of the instructions of the court to the jury or any ruling of the court in the admission or rejection of testimony. The only ground of reversal urged for appellant is that the verdict is unwarranted by the evidence.

Briefly stated, the facts shown by the commonwealth were these: Meek and Castle were both paying attention to Gertrude Webb and there was considerable bad feeling on the part of Meek toward Castle. More than once he had said that if he ever caught Lee Castle back there, that is, at Gertrude Webb's house, one of them would die. On the evening in question Castle was at the house and later Meek walked in. When he came in he said, "What in the hell does this mean?" Castle said, "Nothing as I know of." A few minutes later Gertrude Webb and Castle went into the kitchen. Meek came in, grabbed Castle, and shoved him back in the door. Meek then drew his gun and Castle tried to get out of the back door of the kitchen, and as he came back Meek shot him and afterwards said, "By God I got him that time."

On the other hand, the proof for the defendant was that Castle was attacking him with a knife; cut at him several times with it and then drew his pistol before Meek shot him; and that Meek shot him in necessary self-defense.

The evidence leaves little doubt in the court's mind that both the parties were drinking and that Meek was jealous of Castle and wanted to run him away from the place. The proof for the commonwealth tended to show that Castle was entirely unarmed.

The jury sees and hears the witnesses. They can much better judge of their credibility than this court from a bare reading of the stenographer's report of the evidence. It is a settled rule of this court not to disturb the verdict of a jury on the facts unless palpably against the evidence. On the whole case the court is unable to say that the verdict of the jury is against the evidence.

Judgment affirmed.